IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| LARRY DAVID TURNER, | : | CIVIL ACTION |
|---|---|---|
| Plaintiff, | : | NO. 08-4897 |
| v. | : | |
| MARK GILSON, et al., | : | |
| Defendants. | : | |

## MEMORANDUM

Jones, J.                                                                                              June 30, 2009

Before the court are three Motions to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, all three motions will be granted.

**I.     Procedural History**

On June 13, 2008, pro se Plaintiff Larry David Turner filed suit in the Philadelphia County Court of Common Pleas against Defendants Assistant District Attorney Mark Gilson, District Attorney Lynne Abraham, Detective David Baker, Dean Owens, Esq., and Byron Houston, Esq. (See Notice of Removal, Doc. No. 1, Ex. A, Pl.'s Compl. ("Compl.").) In his Complaint, Plaintiff claims that Defendants violated several of his rights under the United States Constitution and that Defendants committed various state torts in conjunction with Plaintiff's July 29, 1996, arrest and detention and his October 7, 1997, conviction and imprisonment.[1] (See,

---

[1] Plaintiff alleges that the Defendants violated his Fourth, Fifth, Sixth, Eighth, Tenth, Thirteenth, and Fourteenth Amendment rights. (Compl. 2.) He brings state law claims of unlawful imprisonment, involuntary servitude, fraud, fraudulent concealment, "deception," malpractice, malicious prosecution, and gross misrepresentation against Defendants. (Compl. 2.)

e.g., Compl. 2, 4.) On October 14, 2008, Defendants Gilson and Abraham removed the matter to this court pursuant to 28 U.S.C. § 1441.[2]

On November 4, 2008, Defendant Baker filed his Motion to Dismiss. (Doc. No. 2.) Defendants Abraham and Gilson filed their Motion to Dismiss on November 6, 2008. (Doc. Nos. 3 & 9.)[3] Defendants Owens and Houston filed their Motion to Dismiss on November 28, 2008. (Doc. No. 5.) Plaintiff did not respond to any of the motions.

On May 7, 2009, the court granted Plaintiff leave to file an Amended Complaint on or before June 8, 2009, and notified Plaintiff that his to failure file a timely Amended Complaint would be deemed as Plaintiff's intent to stand on the current Complaint. (Doc. No. 7.) Plaintiff did not amend his Complaint.

## II.     Factual Background

Plaintiff was arrested on July 29, 1996, and detained in the Philadelphia County Detention Center. (Compl. 2.) He was prosecuted and convicted for murder and other offenses on October 6, 1997. (Compl. 4; Mem. in Supp. of Baker's Mot to Dismiss 1.) Thereafter, he was imprisoned at the Pennsylvania Department of Corrections facility in Coal Township, Pennsylvania, where he remained until the date he initiated the instant action. (Compl. 2.)

Plaintiff alleges that Defendants violated his Constitutional rights and committed various state torts during his arrest, prosecution, and imprisonment. He seeks only monetary damages. (Compl. 7-8.)

---

[2] Defendants Gilson and Abraham state in their Notice of Removal that they were served with the Complaint on September 24, 2008. Therefore, the removal was timely.

[3] On June 29, 2009, upon an Order of this court, Defendants Gilson and Abraham re-filed a redacted copy of their Motion to Dismiss. (Doc. No. 9.)

### III. Standard of Review

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), "it is no longer sufficient to allege mere elements of a cause of action; instead a complaint must allege facts suggestive of the proscribed conduct." Phillips, 515 F.3d at 233 (quoting Twombly, 550 U.S. at 563 n.8) (internal quotation and alteration omitted). To withstand a motion to dismiss under Rule 12(b)(6), "factual allegations must be enough to raise a right to relief above the speculative level." Phillips, 414 F.3d at 234 (quoting Twombly, 550 U.S. at 555) (alternation omitted). Thus, stating a claim "requires a complaint with enough factual matter (taken as true) to suggest the required element." Id. (quoting Twombly, 550 U.S. at 556) (internal quotation omitted).

### IV. Discussion

A. The Court Considers the Merits of the Motions to Dismiss, Despite Plaintiff's Failure to Respond

Rule 7.1(c) of the Local Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania provides that any party opposing a motion shall serve a brief in opposition thereto within 14 days. In the absence of a timely response, Local Rule 7.1(c) provides that a motion may be granted as uncontested. Although there are limited exceptions to the aforementioned rules, no such exception applies in this case. It has been over six months

since Defendants filed their respective Motions to Dismiss, and Plaintiff has failed to respond to any of the motions. However, because Plaintiff is pro se, the court shall not grant the motions as uncontested. Instead, the court considers the merits of the motions.

B. Plaintiff's Section 1983 Claims are Time-Barred

All of Plaintiffs' federal claims are time-barred. Actions brought under 42 U.S.C. § 1983 are governed by the personal injury statute of limitations of the state in which the cause of action accrued." O'Connor v. City of Newark, 440 F.3d 125, 126 (3d Cir. 2006). Pennsylvania's statute of limitations for personal injury is two years. 42 Pa. Cons. Stat. Ann. § 5524(2); Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). All of Plaintiff's federal civil rights causes of action arose in 1996 and 1997, when Plaintiff was arrested, prosecuted, and convicted for various crimes. Plaintiff did not file his Complaint until June 13, 2008, beyond the limitations period. Therefore, all of Plaintiff's Section 1983 claims shall be dismissed as to all defendants.

Even if Plaintiff's federal claims were timely, most of them call into question the validity of Plaintiff's underlying conviction and sentence. Plaintiff could not properly raise such challenges under 42 U.S.C. § 1983. Heck v. Humphrey, 512 U.S. 477 (1994); Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) ("[W]here success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence.").

### C. The Court Shall Exercise Supplemental Jurisdiction over Plaintiff's State Law Claims and Dismiss Those Claims as Time-Barred

The court shall exercise supplemental jurisdiction over plaintiff's state law claims, which are part of the same case or controversy as Plaintiff's federal claims. 28 U.S.C. § 1367; Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) ("[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction . . . over pendent state-law claims."). These claims are also governed by Pennsylvania's two-year statute of limitations for torts. Therefore, Plaintiff's state law claims shall be dismissed as untimely as to all defendants.

### V. Conclusion

All of Plaintiff's claims shall be dismissed as to all Defendants, and the above-captioned matter shall be closed. An appropriate Order follows.